MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
BLANCA ETELBINA YUGSI MOROCHO,
*individually and on behalf of others similarly*
*situated,*

                            *Plaintiff*,

           -against-

VIP NAIL SALON INC.  (D/B/A VIP NAILS),
JOO IN OH (A.K.A. DOMINA), HYE SOOK
OH, and JANE DOE (A.K.A. CLARA),

                          *Defendants.*
-------------------------------------------------------X

                           **COMPLAINT**

           **COLLECTIVE ACTION UNDER**
              **29 U.S.C. § 216(b)**

                    **ECF Case**

Plaintiff Blanca Etelbina Yugsi Morocho ("Plaintiff Yugsi" or "Ms. Yugsi"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against VIP Nail Salon Inc. (d/b/a VIP Nails), ("Defendant Corporation"), Joo In Oh (a.k.a. Domina), Hye Sook Oh, and Jane Doe (a.k.a. Clara), ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.    Plaintiff Yugsi is a former employee of Defendants VIP Nail Salon Inc. (d/b/a VIP Nails), Joo In Oh (a.k.a. Domina), Hye Sook Oh, and Jane Doe (a.k.a. Clara).

2.    Defendants own, operate, or control a beauty salon, located at 69 Reade Street, New York, NY 10007 under the name "VIP Nails".

3.     Upon information and belief, individual Defendants Joo In Oh (a.k.a. Domina), Hye Sook Oh, and Jane Doe (a.k.a. Clara), serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the salon as a joint or unified enterprise.

4.     Plaintiff Yugsi was employed as a manicurist/pedicurist at the salon located at 69 Reade Street, New York, NY 10007.

5.     Plaintiff Yugsi was ostensibly employed as a manicurist/pedicurist. However, she was required to spend a considerable part of her work day performing non-tipped duties, including but not limited to handwashing towels, cleaning the bathroom, sweeping, arranging the attic, taking boxes to the attic and taking out the trash (hereafter the "non-tipped duties").

6.     At all times relevant to this Complaint, Plaintiff Yugsi worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, and failed to pay Plaintiff Yugsi appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Furthermore, Defendants repeatedly failed to pay Plaintiff Yugsi wages on a timely basis.

9.     Defendants employed and accounted for Plaintiff Yugsi as a manicurist/pedicurist in their payroll, but in actuality her duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.     Regardless, at all relevant times, Defendants paid Plaintiff Yugsi at a rate that was lower than the required tip-credit rate.

11.    However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Yugsi's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Yugsi's actual duties in payroll records by designating her as a manicurist/pedicurist instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Yugsi at the minimum wage rate and enabled them to pay her at the tip-credit rate (which they still failed to do).

13.    In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Yugsi's and other tipped employees' tips and made unlawful deductions from Plaintiff Yugsi's and other tipped employees' wages.

14.    Defendants' conduct extended beyond Plaintiff Yugsi to all other similarly situated employees.

15.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Yugsi and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.    Plaintiff Yugsi now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.    Plaintiff Yugsi seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Yugsi's state law claims under 28 U.S.C. § 1367(a).

19.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a beauty salon located in this district. Further, Plaintiff Yugsi was employed by Defendants in this district.

## PARTIES

*Plaintiff*

20.    Plaintiff Blanca Etelbina Yugsi Morocho ("Plaintiff Yugsi" or "Ms. Yugsi") is an adult individual residing in Queens County, New York.

21.    Plaintiff Yugsi was employed by Defendants at VIP Nails from approximately March 2016 until on or about May 23, 2019.

22.    Plaintiff Yugsi consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23.    At all relevant times, Defendants owned, operated, or controlled a beauty salon, located at 69 Reade Street, New York, NY 10007 under the name "VIP Nails".

24.    Upon information and belief, VIP Nail Salon Inc. (d/b/a VIP Nails) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 69 Reade Street, New York, NY 10007.

25.    Defendant Joo In Oh (a.k.a. Domina) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joo In Oh (a.k.a. Domina) is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Joo In Oh (a.k.a. Domina) possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Yugsi, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.    Defendant Hye Sook Oh is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Hye Sook Oh is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Hye Sook Oh possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Yugsi, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.    Defendant Jane Doe (a.k.a. Clara) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jane Doe (a.k.a. Clara)

is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jane Doe (a.k.a. Clara) possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Yugsi, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

28.   Defendants operate a beauty salon located in the Tribeca section of Manhattan in New York City.

29.   Individual Defendants, Joo In Oh (a.k.a. Domina), Hye Sook Oh, and Jane Doe (a.k.a. Clara), possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

30.   Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.   Each Defendant possessed substantial control over Plaintiff Yugsi's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Yugsi, and all similarly situated individuals, referred to herein.

32.   Defendants jointly employed Plaintiff Yugsi (and all similarly situated employees) and are Plaintiff Yugsi's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

33. In the alternative, Defendants constitute a single employer of Plaintiff Yugsi and/or similarly situated individuals.

34. Upon information and belief, Individual Defendants Joo In Oh (a.k.a. Domina), Hye Sook Oh, and Jane Doe (a.k.a. Clara) operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f) intermingling assets and debts of their own with Defendant Corporation,

    g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

35. At all relevant times, Defendants were Plaintiff Yugsi's employers within the meaning of the FLSA and New York Labor Law.

36.     Defendants had the power to hire and fire Plaintiff Yugsi, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Yugsi's services.

37.     In each year from 2016 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the salon on a daily basis are goods produced outside of the State of New York.

### Individual Plaintiff

39.     Plaintiff Yugsi is a former employee of Defendants who ostensibly was employed as a manicurist/pedicurist. However, she spent over 20% of each shift performing the non-tipped duties described above.

40.     Plaintiff Yugsi seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Blanca Etelbina Yugsi Morocho

41.     Plaintiff Yugsi was employed by Defendants from approximately March 2016 until on or about May 23, 2019.

42.     Defendants ostensibly employed Plaintiff Yugsi as a manicurist/pedicurist.

43.     However, Plaintiff Yugsi was also required to spend a significant portion of her work day performing the non-tipped duties described above.

44.     Although Plaintiff Yugsi ostensibly was employed as manicurist/pedicurist, she spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

45.    Plaintiff Yugsi regularly handled goods in interstate commerce, such as cosmetic products and other supplies produced outside the State of New York.

46.    Plaintiff Yugsi's work duties required neither discretion nor independent judgment.

47.    Throughout her employment with Defendants, Plaintiff Yugsi regularly worked in excess of 40 hours per week.

48.    From approximately March 2016 until on or about March 2017, Plaintiff Yugsi worked from approximately 11:30 a.m. until on or about 7:30 p.m. to 8:10 p.m., Mondays through Fridays and from approximately 11:00 a.m. until on or about 7:00 p.m. to 7:10 p.m., Sundays (typically 48 to 51.7 hours per week).

49.    From approximately April 2017 until on or about May 23, 2019, Plaintiff Yugsi worked two weeks per month from approximately 11:30 a.m. until on or about 7:30 p.m. to 8:10 p.m., Mondays, Tuesdays, Thursdays and Fridays and from approximately 11:00 a.m. until on or about 7:00 p.m. to 7:10 p.m., Sundays (typically 40 to 43 hours per week two weeks per month).

50.    Similarly, from approximately April 2017 until on or about May 23, 2019, Plaintiff Yugsi worked two weeks per month from approximately 11:30 a.m. until on or about 8:00 p.m., Mondays through Fridays (typically 42.5 hours per week two weeks per month).

51.    From approximately March 2016 until on or about April 2017, Defendants paid Plaintiff Yugsi her wages in cash.

52.    From approximately May 2017 until on or about May 23, 2019, Defendants paid Plaintiff Yugsi her wages in a combination of check and cash.

53.    From approximately March 2016 until on or about December 2016, Defendants paid Plaintiff Yugsi $7.50 per hour.

54.    From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Yugsi $8.50 per hour.

55.    From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Yugsi $9.05 per hour.

56.    From approximately January 2019 until on or about May 23, 2019, Defendants paid Plaintiff Yugsi $10.20 per hour.

57.    For approximately her last week of employment and two weeks of tips, Defendants did not pay Plaintiff Yugsi any wages for her work.

58.    Plaintiff Yugsi's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

59.    For example, Defendants required Plaintiff Yugsi to work an additional 10 minutes to 40 minutes past her scheduled departure time every day, and did not pay her for the additional time she worked.

60.    Defendants seldom granted Plaintiff Yugsi any breaks or meal periods of any kind.

61.    Plaintiff Yugsi was never notified by Defendants that her tips were being included as an offset for wages.

62.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Yugsi's wages.

63.    Defendants withheld a portion of Plaintiff Yugsi's tips; specifically, Defendants pocketed $10 to$15 per day on several occasions.

64.    Prior to March 2017, Plaintiff Yugsi was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

65.     From approximately March 2017 until on or about May 23, 2019, Plaintiff Yugsi was required to keep track of her  hours;  however, she was not allowed to punch in for the 10 to 15 minutes that she arrived earlier every  day to tidy up the business.

66.      In adition, defendants informed her that their system calculated an hour and 10 minutes (70-minutes) as 60-minutes;  in other words, Plaintiff Yugsi had to work 70 minutes to get credit or paid for 60 minutes of work.

67.     On a number of occasions, Defendants required Plaintiff Yugsi to sign a document, the contents of which she was not allowed to review in detail.

68.     In addition, in order to get paid, Plaintiff Yugsi was required to sign a document in which Defendants misrepresented the hours that she worked per week.

69.     No accurate notification, either in the form of posted notices or other means, was ever given to Plaintiff Yugsi regarding overtime and wages under the FLSA and NYLL. In fact, Defendants wrote a different number on top of the posted notices.

70.     Defendants did not provide Plaintiff Yugsi an accurate statement of wages, as required by NYLL 195(3).

71.     In fact, Defendants adjusted Plaintiff Yugsi's paystubs so that they reflected inaccurate wages and hours worked.

72.     Defendants did not give any notice to Plaintiff Yugsi, in English and in Spanish (Plaintiff Yugsi's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

73.     Defendants required Plaintiff Yugsi to purchase "tools of the trade" with her own funds—including filling nippers and uniforms.

*Defendants' General Employment Practices*

74.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Yugsi (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

75.     Plaintiff Yugsi was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

76.     Defendants' pay practices resulted in Plaintiff Yugsi not receiving payment for all her hours worked, and resulted in Plaintiff Yugsi's effective rate of pay falling below the required minimum wage rate.

77.     Defendants habitually required Plaintiff Yugsi to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

78.     Defendants required Plaintiff Yugsi and all other manicurist/pedicurists to perform general non-tipped tasks in addition to their primary duties as manicurist/pedicurists.

79.     Plaintiff Yugsi and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

80.     Plaintiff Yugsi's duties were not incidental to her occupation as a tipped worker, but instead constituted entirely unrelated general salon work with duties, including the non-tipped duties described above.

81.     Plaintiff Yugsi and all other tipped workers were paid at a rate that was lower than the required tip-credit rate by Defendants.

82.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Yugsi's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

83.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

84.     In violation of federal and state law as codified above, Defendants classified Plaintiff Yugsi and other tipped workers as tipped employees, and paid them at a rate that was lower than the required lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

85.     Defendants failed to inform Plaintiff Yugsi who received tips that Defendants intended to take a deduction against Plaintiff Yugsi's earned wages for tip income, as required by the NYLL before any deduction may be taken.

86.     Defendants failed to inform Plaintiff Yugsi who received tips, that her tips were being credited towards the payment of the minimum wage.

87.     Defendants failed to maintain a record of tips earned by Plaintiff Yugsi who worked as a manicurist/pedicurist for the tips she received.

88.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Yugsi who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving manicurist/pedicurists of a portion of the tips earned during the course of employment.

89.     Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

90.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

91.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

92.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Yugsi worked.

93.     On a number of occasions, Defendants required Plaintiff Yugsi to sign a document the contents of which she was not allowed to review in detail.

94.     Defendants required Plaintiff Yugsi to sign a document that reflected inaccurate or false hours worked.

95.     Defendants paid Plaintiff Yugsi her wages in cash or in a combination of check and cash.

96.     Defendants failed to post at the workplace, or otherwise provide to employees, the required accurate postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

97.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Yugsi (and similarly situated individuals) worked, and to avoid paying Plaintiff Yugsi properly for her full hours worked.

98.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

99.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Yugsi and other similarly situated former workers.

100.    Defendants failed to provide Plaintiff Yugsi and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

101.    Defendants failed to provide Plaintiff Yugsi and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

102.    Plaintiff Yugsi brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

103.    At all relevant times, Plaintiff Yugsi and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek and willfully failing to keep records, as required under the FLSA.

104.    The claims of Plaintiff Yugsi stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

105.    Plaintiff Yugsi repeats and realleges all paragraphs above as though fully set forth herein.

106.    At all times relevant to this action, Defendants were Plaintiff Yugsi's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

107.    Defendants had the power to hire and fire Plaintiff Yugsi (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

108.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

109.   Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

110.   Defendants failed to pay Plaintiff Yugsi (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

111.   Defendants' failure to pay Plaintiff Yugsi (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

112.   Plaintiff Yugsi (and the FLSA Class members) were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

113.   Plaintiff Yugsi repeats and realleges all paragraphs above as though fully set forth herein.

114.   Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Yugsi (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

115.   Defendants' failure to pay Plaintiff Yugsi (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

116.   Plaintiff Yugsi (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

117.   Plaintiff Yugsi repeats and realleges all paragraphs above as though fully set forth herein.

118.    At all times relevant to this action, Defendants were Plaintiff Yugsi's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

119.    Defendants had the power to hire and fire Plaintiff Yugsi, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

120.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Yugsi less than the minimum wage.

121.    Defendants' failure to pay Plaintiff Yugsi the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

122.    Plaintiff Yugsi was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

123.    Plaintiff Yugsi repeats and realleges all paragraphs above as though fully set forth herein.

124.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Yugsi overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

125.    Defendants' failure to pay Plaintiff Yugsi overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

126.    Plaintiff Yugsi was damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

127.   Plaintiff Yugsi repeats and realleges all paragraphs above as though fully set forth herein.

128.   Defendants failed to provide Plaintiff Yugsi with a written notice, in English and in Spanish (Plaintiff Yugsi's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

129.   Defendants are liable to Plaintiff Yugsi in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

130.   Plaintiff Yugsi repeats and realleges all paragraphs above as though fully set forth herein.

131.   With each payment of wages, Defendants failed to provide Plaintiff Yugsi with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

132.     Defendants are liable to Plaintiff Yugsi in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

133.     Plaintiff Yugsi repeats and realleges all paragraphs above as though fully set forth herein.

134.     Defendants required Plaintiff Yugsi to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

135.     Plaintiff Yugsi was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

136.     Plaintiff Yugsi repeats and realleges all paragraphs above as though fully set forth herein.

137.     At all relevant times, Defendants were Plaintiff Yugsi's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

138.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

139.    Defendants unlawfully misappropriated a portion of Plaintiff Yugsi's tips that were received from customers.

140.    Defendants knowingly and intentionally retained a portion of Plaintiff Yugsi's tips in violations of the NYLL and supporting Department of Labor Regulations.

141.    Plaintiff Yugsi was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

142.    Plaintiff Yugsi repeats and realleges all paragraphs above as though set forth fully herein.

143.    Defendants did not pay Plaintiff Yugsi on a regular weekly basis, in violation of NYLL §191.

144.    Defendants are liable to Plaintiff Yugsi in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Yugsi respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Yugsi and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Yugsi and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Yugsi's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Yugsi and the FLSA Class members;

(f)     Awarding Plaintiff Yugsi and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Yugsi and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Yugsi;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Yugsi;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Yugsi;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Yugsi's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Yugsi;

(m)     Awarding Plaintiff Yugsi damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)     Awarding Plaintiff Yugsi damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Yugsi liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Yugsi and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Yugsi and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Yugsi demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       June 13, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
         Michael Faillace [MF-8436]
         60 East 42nd Street, Suite 4510
         New York, New York 10165
         Telephone: (212) 317-1200
         Facsimile: (212) 317-1620
         *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 28, 2019

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Blanca Etelbina Yugsi Morocho

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:               28 de mayo 2019

*Certified as a minority-owned business in the State of New York*