UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLANCA ETELBINA YUGSI MOROCHO, *individually and on behalf of others similarly situated,*<br><br>*Plaintiff,*<br><br>-against-<br><br>VIP NAIL SALON INC. (D/B/A VIP NAILS), JOO IN OH (A.K.A. DOMINA), HYE SOOK OH, and JANE DOE (A.K.A. CLARA),<br><br>*Defendants.* | Case No. 19-cv-5546<br><br>SETTLEMENT AGREEMENT<br>AND<br>RELEASE |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff BLANCA ETELBINA YUGSI MOROCHO, ("Plaintiff") on the one hand, VIP NAIL SALON INC. (D/B/A VIP NAILS) ("Defendant Corporation"), JOO IN OH (A.K.A. DOMINA), and HYE SOOK OH ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that she worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 19-cv-5546 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws;

WHEREAS, this matter settled in principal during a November 14, 2019 mediation; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Twelve Thousand Dollars and No Cents (**$12,000**) (the "Settlement Amount") to be paid to Plaintiff's attorneys, in twelve (12) monthly-installments as follows:

Each payment shall consist of two (2) checks totaling One Thousand Dollars and No Cents ($1,000.00);

(1) one check in the amount of Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($333.33) made payable to "Michael A. Faillace, Esq. & Associates, P.C." accounting for attorneys' fees and;

(2) one check in the amount of Six Hundred and Sixty-Six Dollars and Sixty-Six Cents ($666.66) made payable to "Michael A. Faillace, Esq. & Associates, P.C." accounting for attorneys' fees.

The first payment shall be due on the first day of the month following Court approval of the Agreement (e.g., if approval is granted January 15, 2020, this payment is due February 1, 2020).

The subsequent eleven payments shall be due on the first day of the following month. Each check shall be delivered by their respective due dates and to the attention of Michael Faillace, Esq., at the Law Office of Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

Concurrently with the execution of this Agreement, Defendants shall each execute and deliver to Plaintiff's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto collectively as Exhibit A. The Parties hereby acknowledge and agree that the Confessions of Judgment will be held in escrow by Plaintiff's counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the checks fails to clear Plaintiff's counsel's escrow account, or Defendants fail to deliver the payments to Plaintiff's counsel in accordance with the foregoing payment dates, and (ii) Defendants fail to cure such default within seven (7) days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Michael Westwood-Booth, Ogletree, Deakins, Nash, Smoak & Stewart, P.C. 10 Madison Avenue, Suite 400, Morristown, NJ 07960). Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2. <u>Release and Covenant Not To Sue</u>:  In consideration of the promises of benefits, mutual agreements, payment and other good and valuable consideration contained in this Agreement, Plaintiff knowingly and voluntarily releases and forever discharges Defendants and Defendants' divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, assigns and their officers, directors, members, partners, trustees, current and former employees, stockholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future (the "Releasees") from any and all claims, complaints, causes of action, or claims for relief, of any nature whatsoever, known or unknown from the beginning of time until the Effective Date (the "Release"). This Release includes, but is not limited to, any rights or claims relating in any way to Plaintiff's engagement by any of the Releasees, or the termination thereof, related to or set forth in the Action, or arising under any statute or regulation, including, but not limited to, any rights or claims Plaintiff may have under the Age Discrimination in Employment Act (ADEA), which prohibits age discrimination in employment; Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion, or sex; the Equal Pay Act, which prohibits paying men and women unequal pay for equal work; the Americans

with Disabilities Act (ADA), which prohibits discrimination in employment by reason of disability; the Employee Retirement Income Security Act (ERISA), which protects employee's interests in certain health and retirement benefits; the Family and Medical Leave Act (FMLA), which protects the right of employees to take certain leave periods; the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL), both of which protect employees' wages and regulate hours; the Federal Wiretap Act, the Electronic Communications Privacy Act, and the Stored Communications Act, all of which protect privacy, or any other federal, state, or local laws or regulations which govern the workplace, including, without limitation, the New York State Human Rights Law, the New York City Human Rights Laws, the New York Aids Testing Confidentiality Act, the New York Equal Pay Law, the New York Persons With Disabilities Law, Civil Rights Law, the New York Genetic Testing Confidentiality Law, the New York Nondiscrimination Against Genetic Disorders Law, the New York Smokers Rights Law, the New York Equal Rights Law, the New York Discrimination by Employment Agencies Law, the New York Bone Marrow Leave Law, the New York Adoptive Parents Child Care Leave Law, the New York Cancer Victim Bias Law, Article 1, Section 11 of the New York State Constitution, New York Workers' Compensation Law, or any other state, federal or local statute or regulation which may be applicable to the Defendants. This Release also includes a release by Plaintiff of any claims for wrongful discharge, defamation, intentional tort, invasion of privacy, and breach of contract, implied or otherwise. This Release includes both claims that Plaintiff knows about and those Plaintiff may not know about. Plaintiff represents that as of the date of her execution of this Agreement, she incurred no disability or injury in relation to or as a result of her engagement and asserts no claim for any form of compensation for such disability, injury or condition. This release does not affect or limit: (1) claims that may arise after the date Plaintiff signs this Agreement; or (2) Plaintiff's rights to enforce the terms of this Agreement.

Likewise, Defendants agree to release Plaintiff, and any of Plaintiff's agents, attorneys, servants, predecessors, successors and assigns, from any and all claims, complaints, causes of action, or claims for relief, of any nature whatsoever, known or unknown from the beginning of time until the Effective Date.

4. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

5. <u>Acknowledgments:</u> Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. <u>Notices:</u> Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200

Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Michael Westwood-Booth
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
10 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: 973-385-1840
Fax: 973-656-1611
Email: Michael.Westwood-Booth@ogletreedeakins.com

7. Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. Release Notification: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with her legal counsel and Plaintiff acknowledges that she has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C. Plaintiff acknowledges that it is her choice to waive any potential claims in return for the benefits set forth herein and that she made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with her attorneys. Plaintiff confirms that this Settlement Agreement and Release has been translated to her in Spanish and that she understands the terms of this Agreement and that she is signing this Agreement voluntarily.

10. Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

11. Effective Date: This Agreement becomes effective on the date that all parties have signed the Agreement, or its counterparts.

PLAINTIFF:

By: ___*[signature]*_____  Date: 01/06/20
    BLANCA ETELBINA YUGSI MOROCHO


DEFENDANTS:

By: _____  Date: _____
    VIP NAIL SALON INC. (D/B/A VIP NAILS)

    Name: _____

    Title: President


By: _____  Date: _____
    JOO IN OH


By: _____  Date: _____
    HYE SOOK OH

PLAINTIFF:

By: _____     Date: _____
    BLANCA ETELBINA YUGSI MOROCHO

DEFENDANTS:

By: _____     Date: 1/10/20
    VIP NAIL SALON INC. (D/B/A VIP NAILS)
    Name: Joo in OH

Title: President

By: _____(signature)_____     Date: 1/10/20
    JOO IN OH

By: Hye sook OH     Date: 1/10/20
    HYE SOOK OH

By: Ju Yeon oh     Date 1/10/20

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------------- X

BLANCA ETELBINA YUGSI MOROCHO, *individually and on behalf of others similarly situated*,

                    *Plaintiff*,

-against-

VIP NAIL SALON INC. (D/B/A VIP NAILS), JOO IN OH (A.K.A. DOMINA), HYE SOOK OH, and JANE DOE (A.K.A. CLARA),

------------------------------------- X

**Index No.:**

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
                          : ss.:
COUNTY OF              )

1. I reside in ___Queens___ County, New York

2. I, ___Joo In Oh___, am the President of VIP NAIL SALON, INC. (D/B/A VIP NAILS). I am duly authorized to make this affidavit of confession of judgment on behalf of VIP NAIL SALON, INC. (D/B/A VIP NAILS).

3. VIP NAIL SALON, INC. (D/B/A VIP NAILS), maintains its principal place of business in New York County at ___New York City Manhattan___.

4. Pursuant to the terms of the Settlement Agreement and Release by and between BLANCA ETELBINA YUGSI MOROCHO ("Plaintiff"), on the one hand and VIP NAIL SALON INC. (D/B/A VIP NAILS) ("Defendant Corporation"), JOO IN OH (A.K.A. DOMINA), and HYE SOOK OH, on the other hand, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against VIP NAIL SALON, INC. (D/B/A VIP NAILS) in favor of Plaintiff for the sum of Twelve Thousand Dollars and No Cents ($12,000), less any payments made under the Settlement Agreement.

5. This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $12,000 to Plaintiff. The amount of this affidavit of confession of judgment represents the settlement amount of $12,000.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7.     I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $12,000 (less any amounts already paid to Plaintiff pursuant to the above schedule), against VIP NAIL SALON, INC. (D/B/A VIP NAILS).

VIP NAIL SALON, INC. (D/B/A VIP NAILS)

By: _____

Name: JOO IN OH

Title: President

STATE OF NY )
              : ss.:

On Jan. 10, 2020, before me personally came Joo In Oh, to me known, who, by me duly sworn, did depose and say that deponent resides at 92-29 QUEENS BLVD #6 REGO PARK, that deponent is the President of VIP NAIL SALON, INC. (D/B/A VIP NAILS) the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of VIP NAIL SALON, INC. (D/B/A VIP NAILS) and was authorized to do so.

_____
Notary Public

Yong Soo Park
Notary Public, State of New York
No. 01PA6234559
Qualified in Queens County
Commission Expires: Jan. 24, 20__

SUPREME COURT OF THE STATE OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

BLANCA ETELBINA YUGSI MOROCHO, *individually and on behalf of others similarly situated*,

                                    *Plaintiff*,

               -against-

VIP NAIL SALON INC. (D/B/A VIP NAILS), JOO IN OH (A.K.A. DOMINA), HYE SOOK OH, and JANE DOE (A.K.A. CLARA),

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**Index No.:**

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
                                : ss.:
COUNTY OF Queens   )

1.     I reside in Queens County, New York.

2.     Pursuant to the terms of the Settlement Agreement and Release by and between BLANCA ETELBINA YUGSI MOROCHO ("Plaintiff"), on the one hand, and VIP NAIL SALON INC. (D/B/A VIP NAILS) ("Defendant Corporation"), JOO IN OH (A.K.A. DOMINA), and HYE SOOK OH, on the other hand, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff for the sum of Twelve Thousand Dollars and No Cents ($12,000), less any payments made under the Settlement Agreement.

3.     This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $12,000 to Plaintiff. The amount of this affidavit of confession of judgment represents the settlement amount of $12,000.

4.     This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.     I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $12,000 (less any amounts already paid to Plaintiff pursuant to the above schedule), against me, HYE SOOK OH.

                        */s/ Yong Soo Park*                      */s/ Hye Sook Oh*
                          Yong Soo Park                         HYE SOOK OH
               Notary Public, State of New York
                      No. 01PA6234589
              Qualified in Queens County
           Commission Expires: Jan. 24, 2023

Sworn to before me this
10th day of January 2020

_____
Notary Public

Yong Soo Park
Notary Public, State of New York
No. 01PA6234559
Qualified in Queens County
Commission Expires: Jan. 24, 2021

Hyesook Oh
X Hye Sook Oh

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------------------------X

BLANCA ETELBINA YUGSI MOROCHO, *individually and on behalf of others similarly situated*,

           *Plaintiff,*

-against-

VIP NAIL SALON INC. (D/B/A VIP NAILS), JOO IN OH (A.K.A. DOMINA), HYE SOOK OH, and JANE DOE (A.K.A. CLARA),

------------------------------------------------X

Index No.:

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK  )
                      : ss.:
COUNTY OF _New York_ )

1.    I reside in _Queens_ County, New York.

2.    Pursuant to the terms of the Settlement Agreement and Release by and between BLANCA ETELBINA YUGSI MOROCHO ("Plaintiff"), on the one hand, and VIP NAIL SALON INC. (D/B/A VIP NAILS) ("Defendant Corporation"), JOO IN OH (A.K.A. DOMINA), and HYE SOOK OH, on the other hand, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff for the sum of Twelve Thousand Dollars and No Cents ($12,000), less any payments made under the Settlement Agreement.

3.    This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $12,000 to Plaintiff. The amount of this affidavit of confession of judgment represents the settlement amount of $12,000.

4.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $12,000 (less any amounts already paid to Plaintiff pursuant to the above schedule), against me, JOO IN OH.

                                                                          _____
                                                                          JOO IN OH

Sworn to before me this
10 day of Jan 2019 2020

_____
Notary Public

CUIYING LI
Notary Public, State of New York
No. 01Li6303032
Qualified in New York County
Commission Expires May 1, 2022

JOO IN OH