UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BLANCA ETELBINA YUGSI MOROCHO,

                Plaintiff,

-v-                                          CIVIL ACTION NO.: 19 Civ. 5546 (SLC)

**ORDER**

VIP NAIL SALON INC. d/b/a "VIP NAILS," JOO IN OH a/k/a "DOMINA," HYE SOOK OH, and JANE DOE a/k/a "CLARA,"

                Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Federal Rule of Civil Procedure 73 for purposes of reviewing their proposed settlement (ECF No. 27). They have now submitted a joint letter in support of settlement (the "Fairness Submission") (ECF No. 30) and proposed settlement agreement (the "Agreement") (ECF No. 30-1) for the Court's review under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are not in as good a position as the parties to determine the reasonableness of a FLSA settlement." Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (internal citation omitted). In addition, should the settlement not be consummated, certain of the Defendants may face difficult financial circumstances exacerbated by the financial downturn resulting from the COVID-19 Pandemic. These circumstances, therefore, also "militate[] in favor of finding a settlement reasonable."

Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); see also Hart v. RCI Hosp. Holdings, Inc., No. 09 Civ. 3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (explaining that significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of the settlement agreement, which "[g]uarantee[d] recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the Fairness Submission, the Agreement and the accompanying exhibits, the Court finds that the terms of the Agreement, including the allocation of attorneys' fees and costs, appear to be fair and reasonable except for two provisions, addressed below.

First, the Agreement states that the $1,000 monthly payments are to be made by two checks delivered to the Plaintiff's attorneys, one in the sum of $666.66, and one in the sum of $333.33.  (ECF No. 30-1 at 2).  In what appears to be a typographical error, the Agreement provides that both payments are to be made payable to Plaintiff's counsel "accounting for attorney fees." (Id.)  The Fairness Submission suggests, however, that the parties intended only the $333.33 check to account for attorneys' fees.  (ECF No. 30 at 2) (stating that $4000, or one third of the $12,000 total settlement amount, shall account for the attorneys' fees and costs, and that the settlement shall be paid in monthly installments of $1000).

Second, the Agreement includes "a series of broad releases."  Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 175 (S.D.N.Y. 2015).  The Agreement attempts to "forever" release the defendants and their various associates from liability as to "any and all claims, complaints, causes of action, or claims for relief, of any nature whatsoever" until the effective date.  (ECF No. 30-1 at 2–3).  This includes all claims "known and unknown" up to the effective date.  (Id. at 2).  The

release prohibits suits under "the New York [AIDS] Testing Confidentiality Act," "the New York Persons [w]ith Disabilities Law," "the New York Genetic Testing Confidentiality Law," "the New York Bone Marrow Leave Law," and the "New York Adoptive Parents Child Care Leave Law," among others, none of which is applicable to this action.  (Id. at 3).  Accordingly, the language of the releases "is far too sweeping to be fair and reasonable."  Lopez, 96 F. Supp. 3d at 181 (finding a general release too broad where it "purport[ed] to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues."); see also Camacho v. Ess-A-Bagel, Inc., No. 14 Civ. 2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014) ("[T]he Court will not countenance employers using FLSA settlements to erase all liability whatsoever in exchange for partial payment of wages allegedly required by statute.").  These releases must be restricted to the Plaintiff's wage and hour claims, or claims arising out of the identical factual predicate as the settled claims.  See Lopez, 96 F. Supp. 3d at 181.

  For the reasons set forth above, the Court cannot approve the agreement in its current form, and these two issues must be clarified or corrected.  The parties are hereby ORDERED to file a revised agreement by **August 18, 2020**, amended such that the $666.66 monthly payment is to be made payable to Plaintiff, or is to be made payable to Plaintiff's attorneys for Plaintiff's benefit, and such that the release apply only to Plaintiff's wage and hour claims, or such claims arising out of the identical factual predicate as the settled claims.  See Lopez, 96 F. Supp. 3d at 181.

  If the revised agreement maintains either of the provisions discussed above, or similar provisions, the parties must submit a joint letter with the revised agreement explaining (1) all

3

factual and legal bases for the parties' contention that these provisions are fair and reasonable as required by Cheeks, and (2) the relevant decisional authority within the Second Circuit both in support of and in opposition to that contention, including all cases in which a court has approved or rejected the same or similar language presented by the same attorneys or their firms.  See Basurto v. Superruay Corp., No. 18 Civ. 6368 (BCM), at *6 (S.D.N.Y. Oct. 21, 2019) (ECF No. 45) (requiring the submission of a revised agreement with a joint letter explaining the bases for maintaining provisions previously deemed unacceptable).

Dated:     New York, New York
           August 5, 2020

                                          SO ORDERED

                                          _____
                                          SARAH L. CAVE
                                          **United States Magistrate Judge**