UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLANCA ETELBINA YUGSI MOROCHO, *individually and on behalf of others similarly situated,*<br><br>*Plaintiff,*<br><br>-against-<br><br>VIP NAIL SALON INC. (D/B/A VIP NAILS), JOO IN OH (A.K.A. DOMINA), HYE SOOK OH, and JANE DOE (A.K.A. CLARA),<br><br>*Defendants.* | Case No. 19-cv-5546<br><br>**SETTLEMENT AGREEMENT<br>AND<br>RELEASE** |

    This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff BLANCA ETELBINA YUGSI MOROCHO, ("Plaintiff") on the one hand, VIP NAIL SALON INC. (D/B/A VIP NAILS) ("Defendant Corporation"), JOO IN OH (A.K.A. DOMINA), and HYE SOOK OH ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

    WHEREAS, Plaintiff alleges that she worked for Defendants as an employee; and

    WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 19-cv-2414 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

    WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

    WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

    1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Twelve Thousand Dollars and No Cents (**$12,000**) (the "Settlement Amount") to be paid to Plaintiff's attorneys, as follows:

    Installment One: The first payment shall consist of two checks (2) adding up to the total amount

of One Thousand Dollars and No Cents ($1,000.00), and shall be due on the first day of the month following Court approval of the Agreement (e.g., if approval is granted January 15, 2020, this payment is due February 1, 2020). The check shall be delivered to Plaintiff's counsel by the due date and shall be divided as follows:

1. One check in the amount of Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($333.33) made payable to "Michael A. Faillace, Esq. & Associates, P.C." accounting for attorneys' fees.
2. One check in the amount of Six Hundred and Sixty-Six Dollars and Sixty-Six Cents ($666.66) made payable to "Blanca Etelbina Yugsi Morocho."

Installment Two: The second payment shall consist of two checks (2) adding up to the total amount of One Thousand Dollars and No Cents ($1,000.00), and shall be due thirty (30) days following the due date for payment of Installment One. The check shall be delivered to Plaintiff's counsel and shall be divided as follows:

1. One check in the amount of Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($333.33) made payable to "Michael A. Faillace, Esq. & Associates, P.C." accounting for attorneys' fees.
2. One check in the amount of Six Hundred and Sixty-Six Dollars and Sixty-Six Cents ($666.66) made payable to "Blanca Etelbina Yugsi Morocho."

Installment Three: The third payment shall consist of two checks (2) adding up to the total amount of One Thousand Dollars and No Cents ($1,000.00), and shall be due sixty (60) days following the due date for payment of Installment One. The check shall be delivered to Plaintiff's counsel and shall be divided as follows:

1. One check in the amount of Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($333.33) made payable to "Michael A. Faillace, Esq. & Associates, P.C." accounting for attorneys' fees.
2. One check in the amount of Six Hundred and Sixty-Six Dollars and Sixty-Six Cents ($666.66) made payable to "Blanca Etelbina Yugsi Morocho."

Installment Four: The fourth payment shall consist of two checks (2) adding up to the total amount of One Thousand Dollars and No Cents ($1,000.00), and shall be due ninety days (90) following the due date for payment of Installment One. The check shall be delivered to Plaintiff's counsel and shall be divided as follows:

1. One check in the amount of Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($333.33) made payable to "Michael A. Faillace, Esq. & Associates, P.C." accounting for attorneys' fees.
2. One check in the amount of Six Hundred and Sixty-Six Dollars and Sixty-Six Cents ($666.66) made payable to "Blanca Etelbina Yugsi Morocho."

Installment Five: The fifth payment shall consist of two checks (2) adding up to the total amount of One Thousand Dollars and No Cents ($1,000.00), and shall be One Hundred and Twenty days (120) following the due date for payment of Installment One. The check shall be delivered to Plaintiff's counsel and shall be divided as follows:

1. One check in the amount of Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($333.33) made payable to "Michael A. Faillace, Esq. & Associates, P.C." accounting for attorneys' fees.
2. One check in the amount of Six Hundred and Sixty-Six Dollars and Sixty-Six Cents ($666.66) made payable to "Blanca Etelbina Yugsi Morocho."

Installment Six: The sixth payment shall consist of two checks (2) adding up to the total amount of One Thousand Dollars and No Cents ($1,000.00), and shall be One Hundred and Fifty days (150) following the due date for payment of Installment One. The check shall be delivered to Plaintiff's counsel and shall be divided as follows:

1. One check in the amount of Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($333.33) made payable to "Michael A. Faillace, Esq. & Associates, P.C." accounting for attorneys' fees.
2. One check in the amount of Six Hundred and Sixty-Six Dollars and Sixty-Six Cents ($666.66) made payable to "Blanca Etelbina Yugsi Morocho."

Installment Seven: The seventh payment shall consist of two checks (2) adding up to the total amount of One Thousand Dollars and No Cents ($1,000.00), and shall be due One Hundred and Eighty days (180) following the due date for payment of Installment One. The check shall be delivered to Plaintiff's counsel and shall be divided as follows:

1. One check in the amount of Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($333.33) made payable to "Michael A. Faillace, Esq. & Associates, P.C." accounting for attorneys' fees.
2. One check in the amount of Six Hundred and Sixty-Six Dollars and Sixty-Six Cents ($666.66) made payable to "Blanca Etelbina Yugsi Morocho."

Installment Eight: The eighth payment shall consist of two checks (2) adding up to the total amount of One Thousand Dollars and No Cents ($1,000.00), and shall be due Two Hundred and Ten days (210) following the due date for payment of Installment One. The check shall be delivered to Plaintiff's counsel and shall be divided as follows:

1. One check in the amount of Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($333.33) made payable to "Michael A. Faillace, Esq. & Associates, P.C." accounting for attorneys' fees.
2. One check in the amount of Six Hundred and Sixty-Six Dollars and Sixty-Six Cents ($666.66) made payable to "Blanca Etelbina Yugsi Morocho."

Installment Nine: The ninth payment shall consist of two checks (2) adding up to the total amount of One Thousand Dollars and No Cents ($1,000.00), and shall be due Two Hundred and Forty days (240) following the due date for payment of Installment One. The check shall be delivered to Plaintiff's counsel and shall be divided as follows:

1. One check in the amount of Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($333.33) made payable to "Michael A. Faillace, Esq. & Associates, P.C." accounting for attorneys' fees.
2. One check in the amount of Six Hundred and Sixty-Six Dollars and Sixty-Six Cents ($666.66) made payable to "Blanca Etelbina Yugsi Morocho."

Installment Ten: The tenth payment shall consist of two checks (2) adding up to the total amount of One Thousand Dollars and No Cents ($1,000.00), and shall be due Two Hundred and Seventy days (270) following the due date for payment of Installment One. The check shall be delivered to Plaintiff's counsel and shall be divided as follows:

1. One check in the amount of Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($333.33) made payable to "Michael A. Faillace, Esq. & Associates, P.C." accounting for attorneys' fees.
2. One check in the amount of Six Hundred and Sixty-Six Dollars and Sixty-Six Cents ($666.66) made payable to "Blanca Etelbina Yugsi Morocho."

Installment Eleven: The eleventh payment shall consist of two checks (2) adding up to the total amount of One Thousand Dollars and No Cents ($1,000.00), and shall be due Three Hundred days (300) following the due date for payment of Installment One. The check shall be delivered to Plaintiff's counsel and shall be divided as follows:

1. One check in the amount of Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($333.33) made payable to "Michael A. Faillace, Esq. & Associates, P.C." accounting for attorneys' fees.
2. One check in the amount of Six Hundred and Sixty-Six Dollars and Sixty-Six Cents ($666.66) made payable to "Blanca Etelbina Yugsi Morocho."

Installment Twelve: The twelfth payment shall consist of two checks (2) adding up to the total amount of One Thousand Dollars and No Cents ($1,000.00), and shall be due Three Hundred

and Thirty days (330) following the due date for payment of Installment One. The check shall be delivered to Plaintiff's counsel and shall be divided as follows:

1. One check in the amount of Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($333.33) made payable to "Michael A. Faillace, Esq. & Associates, P.C." accounting for attorneys' fees.
2. One check in the amount of Six Hundred and Sixty-Six Dollars and Sixty-Six Cents ($666.66) made payable to "Blanca Etelbina Yugsi Morocho."

All of the checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165 by their respective due dates. Failure to deliver said checks shall constitute a default under the Agreement.

Concurrently with the execution of this Agreement, Defendants shall each execute and deliver to Plaintiff's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto collectively as Exhibit A. The Parties hereby acknowledge and agree that the Confessions of Judgment will be held in escrow by Plaintiff's hereby irrevocably and unconditionally release counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Plaintiff's counsel's escrow account, or Defendants fail to deliver the payments to s' counsel within five days of the Court approving the Agreement, <u>and</u> (ii) Defendants fail to cure such default within seven (7) days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Michael Westwood-Booth, Ogletree, Deakins, Nash, Smoak & Stewart, P.C. 10 Madison Avenue, Suite 400, Morristown, NJ 07960). Any such Notice of Default shall be deemed received five (5) days after it is mailed.

  2. <u>Release and Covenant Not To Sue</u>: Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the wage and hour claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating specifically to the wage and hour claims in the Litigation that have occurred as of the Effective Date of this Agreement.

  4. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

  5. <u>Acknowledgments:</u> Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements,

representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

      6.      <u>Notices</u>:      Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Michael Westwood-Booth
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
10 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: 973-385-1840
Fax: 973-656-1611

      7.      <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

      8.      <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

      9.      <u>Release Notification</u>: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff confirm that this

Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

      10.    <u>Counterparts</u>:  To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

<u>PLAINTIFF</u>:

By: _____    Date: 08/12/20
    BLANCA ETELBINA YUGSI MOROCHO

<u>DEFENDANTS</u>:

By: _____    Date: _____
    VIP NAIL SALON INC. (D/B/A VIP NAILS)

    Name: _____

    Title: President

By: _____    Date: _____
    JOO IN OH

By: _____    Date: _____
    HYE SOOK OH

Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10.   Counterparts:   To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____     Date: 08/12/20
BLANCA ETELBINA YUGSI MOROCHO

DEFENDANTS:

By: _____Joo in oh_____     Date: 8/12/20
VIP NAIL SALON INC. (D/B/A VIP NAILS)
Name: Joo in oh

Title: President

By: _____     Date: 8/12/20
JOO IN OH

By: Juyeun Oh                                          8/12/20
By: Hye Sook OH                             Date: 8/12/20
HYE SOOK OH

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BLANCA ETELBINA YUGSI MOROCHO, *individually and on behalf of others similarly situated*,

               *Plaintiff,*

-against-

VIP NAIL SALON INC. (D/B/A VIP NAILS), JOO IN OH (A.K.A. DOMINA), HYE SOOK OH, and JANE DOE (A.K.A. CLARA),

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No.:

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK   )
                            : ss.:
COUNTY OF Queens   )

1. I reside in Queense County, New York.

2. Pursuant to the terms of the Settlement Agreement and Release by and between BLANCA ETELBINA YUGSI MOROCHO ("Plaintiff"), on the one hand, and VIP NAIL SALON INC. (D/B/A VIP NAILS) ("Defendant Corporation"), JOO IN OH (A.K.A. DOMINA), and HYE SOOK OH, on the other hand,, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff for the sum of Twelve Thousand Dollars and No Cents ($12,000), less any payments made under the Settlement Agreement.

3. This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $12,000 to Plaintiff. The amount of this affidavit of confession of judgment represents the settlement amount of $12,000.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $12,000 (less any amounts already paid to Plaintiff pursuant to the above schedule), against me, JOO IN OH.

                                                                           _____
                                                                            JOO IN OH

Sworn to before me this
24th day of August, 2020

_____
Notary Public

```
Yong Soo Park
Notary Public, State of New York
No. 01PA6234559
Qualified in Queens County
Commission Expires: Jan. 24, 2023
```

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------------X

BLANCA ETELBINA YUGSI MOROCHO, *individually and on behalf of others similarly situated*,

                *Plaintiff*,

   -against-

VIP NAIL SALON INC. (D/B/A VIP NAILS), JOO IN OH (A.K.A. DOMINA), HYE SOOK OH, and JANE DOE (A.K.A. CLARA),

------------------------------------X

**Index No.:**

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
                               : ss.:
COUNTY OF               )

1. I reside in _Queense_ County, New York.

2. Pursuant to the terms of the Settlement Agreement and Release by and between BLANCA ETELBINA YUGSI MOROCHO ("Plaintiff"), on the one hand, and VIP NAIL SALON INC. (D/B/A VIP NAILS) ("Defendant Corporation"), JOO IN OH (A.K.A. DOMINA), and HYE SOOK OH, on the other hand,, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff for the sum of Twelve Thousand Dollars and No Cents ($12,000), less any payments made under the Settlement Agreement.

3. This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $12,000 to Plaintiff. The amount of this affidavit of confession of judgment represents the settlement amount of $12,000.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $12,000 (less any amounts already paid to Plaintiff pursuant to the above schedule), against me, HYE SOOK OH.

                                                          */s/ Hye Sook Oh*
                                                          HYE SOOK OH

Sworn to before me this
24th day of August 2020

_____Yong Park_____
Notary Public

Yong Soo Park
Notary Public, State of New York
No. 01PA6234559
Qualified in Queens County
Commission Expires: Jan. 24, 2022

SUPREME COURT OF THE STATE OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BLANCA ETELBINA YUGSI MOROCHO,
*individually and on behalf of others similarly situated,*

                     *Plaintiff,*

-against-

VIP NAIL SALON INC. (D/B/A VIP NAILS), JOO IN OH (A.K.A. DOMINA), HYE SOOK OH, and JANE DOE (A.K.A. CLARA),

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No.:

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
                            : ss.:
COUNTY OF              )

1. I reside in ___Queense___ County, New York

2. I, ___Joo in Oh___, am the President of VIP NAIL SALON, INC. (D/B/A VIP NAILS). I am duly authorized to make this affidavit of confession of judgment on behalf of VIP NAIL SALON, INC. (D/B/A VIP NAILS).

3. VIP NAIL SALON, INC. (D/B/A VIP NAILS), maintains its principal place of business in New York County at ___New York City (Manhattan)___.

4. Pursuant to the terms of the Settlement Agreement and Release by and between BLANCA ETELBINA YUGSI MOROCHO ("Plaintiff"), on the one hand and VIP NAIL SALON INC. (D/B/A VIP NAILS) ("Defendant Corporation"), JOO IN OH (A.K.A. DOMINA), and HYE SOOK OH, on the other hand, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against VIP NAIL SALON, INC. (D/B/A VIP NAILS) in favor of Plaintiff for the sum of Twelve Thousand Dollars and No Cents ($12,000), less any payments made under the Settlement Agreement.

5. This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $12,000 to Plaintiff. The amount of this affidavit of confession of judgment represents the settlement amount of $12,000.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $12,000 (less any amounts already paid to Plaintiff pursuant to the above schedule), against VIP NAIL SALON, INC. (D/B/A VIP NAILS).

VIP NAIL SALON, INC. (D/B/A VIP NAILS)

By: _____

Name: Joo In Oh

Title: President

STATE OF New York )
                           : ss.:

On Aug. 24, 2020, before me personally came Joo In Oh, to me known, who, by me duly sworn, did depose and say that deponent resides at 92-29 Queens Blvd NY 11374, that deponent is the President of VIP NAIL SALON, INC. (D/B/A VIP NAILS) the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of VIP NAIL SALON, INC. (D/B/A VIP NAILS) and was authorized to do so.

_____
Notary Public

Yong Soo Park
Notary Public, State of New York
No. 01PA6234559
Qualified in Queens County
Commission Expires: Jan. 24, 2023