UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BLANCA ETELBINA YUGSI MOROCHO,

                Plaintiff,

   -v-

VIP NAIL SALON INC. d/b/a "VIP NAILS," JOO IN OH a/k/a "DOMINA," HYE SOOK OH, and JANE DOE a/k/a "CLARA,"

                Defendants.

CIVIL ACTION NO.: 19 Civ. 5546 (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Federal Rule of Civil Procedure 73 for purposes of reviewing their proposed settlement (ECF No. 27).  On August 8, 2020 the Court entered an Order denying approval of the settlement in this case based on the inclusion in settlement agreement (the "Agreement") of an overly broad release and a typographical error as to the payee of a portion of the settlement amount.  (ECF No. 31).  The Court found that apart from these two provisions, the Agreement was fair and reasonable.  (Id.)

Now, the parties have submitted an amended agreement (the "Amended Agreement") that corrects both of the the improper provisions identified in the Court's order.  (ECF No. 34).  The Court now reviews the Amended Agreement under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are not in as good a position as the parties to determine the reasonableness of a FLSA settlement."  Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015

WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (internal citation omitted).  In addition, should the settlement not be consummated, certain of the Defendants may face difficult financial circumstances exacerbated by the financial downturn resulting from the COVID-19 Pandemic.  These circumstances, therefore, also "militate[] in favor of finding a settlement reasonable."  Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); see also Hart v. RCI Hosp. Holdings, Inc., No. 09 Civ. 3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (explaining that significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of the settlement agreement, which "[g]uarantee[d] recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

The Amended Agreement includes an appropriately limited mutual release and has corrected the payee information.  (See ECF No. 34 ¶¶ 1–2).  Having carefully reviewed Amended Agreement, the Court finds that the terms of the Amended Agreement, including the allocation of attorneys' fees and costs, appear to be fair and reasonable.

Dated:    New York, New York
          August 28, 2020

                                        SO ORDERED

                                        _____
                                        SARAH L. CAVE
                                        **United States Magistrate Judge**